**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| Omar Ashanti Johnson, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 26-cv-00267 |
| | ) | |
| v. | ) | |
| | ) | Honorable Nancy J. Rosenstengel |
| Anthony Wills, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' INJUNCTIVE AND DECLARATORY RELIEF CLAIMS IN PLAINTIFFS' AMENDED COMPLAINT**

NOW COME the Defendants, Anthony Wills, Latoya Hughes, Matthew Plummer, Angela Locke, Mac−Shane Frank, Kevin Reichert, Brittany Greene, and Tonya Knust, by and through their attorney, Kwame Raoul, the Illinois Attorney General and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submit their Motion to Dismiss Plaintiffs' Injunctive and Declaratory Relief Claims in Plaintiffs' Amended Complaint [Dkt. 28], stating as follows:

**INTRODUCTION AND FACTUAL BACKGROUND**

1. On July 13, 2026, Plaintiffs through counsel filed their amended complaint. [Dkt. 28].

2. Within that complaint, Plaintiffs noted that the relief they sought includes the following,

a. As to Plaintiffs' claims for declaratory and injunctive relief:
   i. Enter judgment on behalf of all Plaintiffs against all Defendants in their individual capacities declaring that exercise is a fundamental right, and that the Defendants' policies and practices resulting in the deprivation of exercise and movement constitute cruel and unusual punishment and violated Plaintiffs' rights under the Eighth Amendment to the United States Constitution;

ii. Enter judgment on behalf of Plaintiff Johnson against Defendants Hughes and Plummer in their official capacities declaring that 20 Ill. Admin. Code § 504.670 permits the indefinite deprivation of recreation during lockdown without security justification and thus violates the Eighth Amendment on its face and as applied to him;

iii. Enter judgment on behalf of all Plaintiffs against Defendants in their individual capacities, declaring that 20 Ill. Admin. Code § 504.670 permitted the indefinite deprivation of Plaintiffs' recreation during lockdown without security justification and thus violates the Eighth Amendment as applied to Plaintiffs;

iv. Enjoin and restrain Defendants Hughes and Plummer, in their official capacities, as well as their officers, agents, servants, employees, and all persons acting in active concert or participation with them, from denying Plaintiff Johnson his constitutional right to exercise;

[Dkt. 28, pgs. 54-55].

3. The *Davis* matter, filed before the instant case, remains pending before the Southern District Court of Illinois. *Davis v. Hughes*, 16-cv-600-MAB.

4. In *Davis*, members of the Rule 23(b)(2) certified class include, "All prisoners who are now or will be incarcerated in adult correctional facilities by the Illinois Department of Corrections and thus who are at risk of being subjected to extreme isolation or who are currently subjected to extreme isolation." [*Davis v. Hughes*, 16-cv-600-MAB, Dkt. #230].

5. Plaintiffs cited to *Davis* frequently in their amended complaint, including to copy pictures utilized in *Davis* motions or pleadings. [Dkt. #28, pgs. 38-39, 45-46]. However, they have made no claim that they have opted out of the *Davis* class, and are thus still understood to be members of that class.

6. The class representatives in Davis seek broader and more far-reaching relief than the Plaintiffs in the instant case, specifically,

a. Declare that Defendant's acts and omissions violated Plaintiffs' and the class members' rights under the Eighth and Fourteenth Amendments to the United States Constitution and that these acts and omissions continue to cause ongoing violations of these rights;

b. Award Plaintiffs their attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

> c. Enter preliminary and permanent injunctive relief, and other appropriate relief, requiring Defendant Acting Director Baldwin, as well as his officers, agents, servants, employees, and any other person who acted in concert or who participated in the imposition and enforcement of extreme isolation at IDOC facilities, to end the ongoing constitutional violations described above by implementing and conforming with the below standards, the language of which is modeled after the ABA Standards for Criminal Justice (Third Edition), Treatment of Prisoners (2010): […]

[*Davis v. Hughes*, 16-cv-600-MAB, Dkt. #1, pgs. 65-68].

7. In the interest of brevity, Defendants did not reproduce the "below standards" included in the *Davis* complaint, however, the portion most relevant to the instant action includes the following,

> c. All prisoners placed in segregated housing shall be provided with meaningful forms of mental, physical, and social stimulation. Depending upon individual assessments of risks, needs, and the reasons for placement in the segregated setting, those forms of stimulation shall include:
> i. in-cell programming, which shall be developed for prisoners who are not permitted to leave their cells;
> ii. additional out-of-cell time, taking into account the size of the prisoner's cell and the length of time the prisoner has been housed in this setting;
> iii. opportunities to exercise in the presence of other prisoners, although, if necessary, separated by security barriers;

[*Davis v. Hughes*, 16-cv-600-MAB, Dkt. #1, pg. 68].

8. Accordingly, as Defendants will argue below, Plaintiffs will be bound by resolution of the *Davis* claims for equitable and declaratory relief. See *Brown v. Vermillion*, 593 F.2d 321 (8th Cir. 1979); *Evans v. Lane*, 1984 U.S. Dist. LEXIS 18739 (N.D. Ill. Mar. 9, 1984); *Reese v. Chi. Police Dep't*, 602 F. Supp. 441, 442 (N.D. Ill. 1984); *Stewart v. Lashbrook*, No. 3:16-CV-1321-NJR-MAB, 2019 U.S. Dist. LEXIS 166982, at *9 (S.D. Ill. Sep. 27, 2019). Because Plaintiffs' interests are adequately protected in the class action, the court should dismiss their claims for injunctive and declaratory relief without prejudice to their rights in *Davis*. See *Crawford v. Bell*, 599 F.2d 890, 892-893 (9th Cir. 1979); *Bryan v. Werner*, 516 F.2d 233, 239 (3d Cir. 1975).

**STANDARD OF REVIEW**

9. Motions to dismiss which argue that a complaint fails to state a claim upon which relief can be granted is governed by Fed. R. Civ. P. 12(b)(6). In this case, Defendants argue that Plaintiff's claims for declaratory and injunctive relief cannot be granted.

10. While the principles of *res judicata* and collateral estoppel typically require a final judgment or determination in order to bar later claims, in the instance of the class actions brought under Rule 23(b)(2), the equitable considerations are further complicated.

11. Namely, because a 23(b)(2) class action is intended to seek declaratory and injunctive relief which applies to all class members, for courts to permit individual cases seeking declaratory and injunctive relief in a separate suit while the prior class action remains pending risks granting multiple, potentially inconsistent sets of relief for the same alleged claims.

12. Therefore, the pendency of a 23(b)(2) class action precludes a member of the class from seeking equitable and declaratory relief in a separate suit involving the same claims raised by the class. See *Crowder v. Lash*, 687 F.2d 996, 1007-1009 (7th Cir. 1982).

13. Plaintiffs will be bound by the resolution of a prior filed 23(b)(2) class action's claims for equitable and declaratory relief wherein they are class members. See *Brown v. Vermillion*, 593 F.2d 321 (8th Cir. 1979).

14. Where Plaintiffs interests are adequately protected in the preceding class action, courts dismiss their instant claims for injunctive and declaratory relief without prejudice to their rights in the preceding class action. See *Crawford v. Bell*, 599 F.2d 890, 892-893 (9th Cir. 1979); *Bryan v. Werner*, 516 F.2d 233, 239 (3d Cir. 1975).

15. It is well-established that "individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class

action." See *Reed v. Richards*, No. 93-1190, 1994 U.S. App. LEXIS 14734, at *10 (7th Cir. June 13, 1994)(internal citations omitted); *Taifa v. Bayh*, No. 3:92-cv-429 AS, 1994 U.S. Dist. LEXIS 20514, at *4-5 (N.D. Ind. June 28, 1994); *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988); *Groseclose v. Dutton*, 829 F.2d 581 (6th Cir. 1987); *Green v. McKaskle*, 770 F.2d 445 (5th Cir. 1985); *Goff v. Menke*, 672 F.2d 702 (8th Cir. 1982); *Bryan v. Werner*, 516 F.2d 233, 239 (3d Cir. 1975); *Tetzlaff v. Swinny*, 678 F. Supp. 812, 813 (D. Nev. 1987); *Reese v. Chicago Police Dept.*, 602 F. Supp. 441 (N.D. Ill. 1984).

16. Claims for equitable relief must be made either through the class representative or by intervening in the class action. See *Taifa v. Bayh*, No. 3:92-cv-429 AS, 1994 U.S. Dist. LEXIS 20514, at *5 (N.D. Ind. June 28, 1994); *McNeil*, 945 F.2d at 1166; *Harper v. Thomas*, 988 F.2d 101, 104 (11th Cir. 1993); *Ravarde v. State of Mo.*, 930 F.2d 641, 643 (8th Cir. 1991); *Long v. Collins*, 917 F.2d 3, 4-5 (5th Cir. 1990); *Goff*, 672 F.2d at 704; *Rivera v. Pelican Bay State Prison*, 1993 U.S. Dist. LEXIS 16966 (N.D. Ca. Nov. 16, 1993); *Reed v. Richards*, 1992 U.S. Dist. LEXIS 1166 (N.D. Ind. Jan. 30, 1992); *Byrd v. O'Grady*, 1990 U.S. Dist. LEXIS 9442 (N.D. Ill. July 26, 1990).

## ARGUEMENT

17. Plaintiffs are members of the *Davis* class, and the allegations of the *Davis* case bear remarkable similarity to the claims of the instant case.

18. So similar are the claims between the *Davis* case and the instant case, that Plaintiffs' themselves cite to several expert reports and allegations of that complaint in alleging that Defendants were supposedly, "on notice," of the issues which allegedly effected Plaintiffs. [Dkt. #28, pgs. 44-45, 52].

19. While Plaintiff's claims in the instant case are narrower and more specific, focusing in on allegedly prolonged restrictive housing's effect on their ability to exercise, the *Davis* case's broad reach, spanning all issues it alleges relate to "extreme isolation," necessarily contains these claims within it.

20. In other words, Plaintiffs' claims for injunctive and declaratory relief in this case are merely a subset of the requests for injunctive and declaratory relief put forth in the *Davis* case.

21. Therefore, if the court in *Davis* grants injunctive and declaratory relief to the Plaintiff class then they will receive more broadly reaching and extensive relief than is presently being sought in this matter. Further, the relief sought in the instant case may in some form contradict with that broader relief sought in the *Davis* case.

22. For the foregoing reasons, Defendants ask this Court to dismiss Plaintiffs' claims for declaratory and injunctive relief as duplicative of that which is already being sought in the *Davis* case.

23. Dismissal of the claims for declaratory and injunctive relief and staying claims for monetary relief were precisely the reliefs entered by the court in *Evans v. Lane* when faced with highly similar circumstances. See *Evans v. Lane*, 1984 U.S. Dist. LEXIS 18739 (N.D. Ill. Mar. 9, 1984).

24. In *Evans*, the Plaintiff relied upon a theory of recovery underpinning his claim which was identical to that underlying the preceding class action (therein, "Calvin R."). Namely, a systemic failure to provide inmates adequate protection from violent assaults by other prisoners. See *Id*.

25. In the instant case, Plaintiffs rely upon a theory of recovery underpinning their claims which are identical to that underlying the preceding class action in *Davis*. Namely, that

Menard's implementation of policies relating to restrictive housing result in serious harm to Plaintiffs in violation of their constitutional rights.

26. Therefore, Defendants ask the Court to follow the example of the court in *Evans*, dismissing Plaintiff's declaratory and injunctive relief claims.

WHEREFORE, for the above reasons, Defendants, Anthony Wills, Latoya Hughes, Matthew Plummer, Angela Locke, Mac−Shane Frank, Kevin Reichert, Brittany Greene, and Tonya Knust, respectfully request this Honorable Court grant their Motion to Dismiss Plaintiffs' Injunctive and Declaratory Relief Claims in Plaintiffs' Amended Complaint, dismiss Plaintiffs' claims for declaratory and injunctive relief and stay Plaintiff's claims for monetary damages, or such further relief deemed appropriate.

Dated: November 18, 2026

Respectfully submitted,

By: /s/ Jacob Ferguson

Jacob Ferguson
Assistant Attorney General
General Law Bureau
102 E Main St.
Urbana, Illinois 61801-2733
(217) 278-3330
Jacob.Ferguson@ilag.gov
*Attorney for IDOC Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on November 18, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to those registered.

/s/ Jacob Ferguson